## Commonwealth v. Schmehl et al.

*John A. Rieser*, district attorney, and *Oliver M. Wolff*, assistant district attorney, for Commonwealth.

*Oliver Lentz*, for defendants.

SCHAEFFER, P. J., May 27, 1937.—Defendants have been indicted as "officers or employees of the Associated Veterans of Berks County, a club licensee under the malt and brewed beverage retailer's license," for unlawfully selling "malt or brewed beverages to persons not bona fide members of said club, contrary to the form of the Act of General Assembly, &c."

Defendants have moved to quash the indictment upon the ground that the indictment does not charge an offense against the laws of Pennsylvania.

Of course, the selling of malt liquor is not an offense at common law. To sustain the indictment we must, therefore, find some statute forbidding the sale. The club of which defendants were officers or employes was in possession of a retail dispenser's license issued by the Treasurer of Berks County in accordance with the Beverage License Law of July 18, 1935, P. L. 1217. Under this license the club was authorized to sell malt or brewed beverages. But to whom? Certainly to its bona fide members. For under clause (i) of section 11 of the Beverage License Law:

"Every club applicant [for a retailer's malt beverage license] shall file, with and as a part of its application, a list of the names and addresses of its members, directors, officers, agents and employees".

And it is therein expressly stipulated that the license shall not be issued "when it appears that the operation of the club license would inure to the benefit of individual members, officers, agents or employes of the club rather than to the benefit of the entire membership of the club."

But what of sales to nonmembers? We find no provision in the Beverage License Law or in any other statute which clearly prohibits a sale of malt beverage by a licensed club to anyone for consumption upon the club's premises. The sale of malt or brewed beverage to nonmembers by a club is not listed as one of the unlawful acts enumerated in section 23. Clause (d) of that section declares it to be unlawful for a licensee to sell malt liquors "to any person on credit, excepting credits extended by a hotel or club to a bona fide registered guest or member." In other words, a hotel may extend credit to a bona fide guest and a club to a bona fide member. This is a declaration that a club may not sell to a nonmember on credit, but not a prohibition of a sale to a nonmember for cash. Clause (e) of this section is to the same effect.

78

In the absence of any statutory provision clearly denominating a sale of malt liquor by a club to a person not a member of the club, we cannot declare such sale to be unlawful and we cannot, therefore, sustain this indictment.

As has been said by Judge Endlich in his Interpretation of Statutes, sec. 329, p. 451, quoting from Commonwealth v. Cooke, 50 Pa. 201, 207:

"It is true that a penal law must be construed strictly, and according to its letter. But this strictness, which has run into an aphorism, means no more than that it is to be interpreted according to its language. . . . The purpose of the rule is to prevent acts from being brought within the scope of punishment, because courts may suppose they fall within the spirit of the law, though not within its terms."

Our conclusion is the same as that reached by the Court of Quarter Sessions of Westmoreland County in Commonwealth v. DeRose, 20 Westm. 275.

If the legislature desires to prohibit sales of malt liquor by a club to nonmembers it can easily do so; until that has been done, no court can sustain a prosecution for such act which has not been declared to be unlawful.

And now, to wit, May 27, 1937, the indictment is quashed.